INDUSTRIAL FIBERS CORP. H/N/C EUROLEATHER
Demandante -Recurrida

v.

ELVIA SANCHEZ, POR SI Y COMO REPRESENTANTE DE LA
SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON JOHN DOE
Demandada y Peticionaria

Núm. KLCE-95-00097

San Juan, Puerto Rico, a 11 de abril de 1995

Panel Integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos ·

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria nos solicita que dejemos sin efecto una orden emitida por el Tribunal de

Primera Instancia, Sub-sección de Distrito, Sala de San Juan, donde se le concedió un término final de diez (10) días, para que suministrara a la aquí recurrida el informe de su perito económico con sus cualificaciones. Alega la peticionaria que no podía descubrir esa prueba por razón de que no se le había provisto los estados financieros de la recurrida, necesarios para preparar el referido informe, según lo había solicitado en un interrogatorio presentado desde el 4 de enero de 1994.

Evaluada la petición y su oposición, el tribunal deniega expedir el auto solicitado, por los siguientes fundamentos.

De un análisis de los documentos presentados por las partes surge la alegación que la aquí recurrida, le había provisto a la peticionaria los documentos que le solicitaron en el interrogatorio del 4 de enero de 1994. El tribunal de instancia en varias ocasiones le había ordenado a la peticionaria que le entregara a la parte recurrida el informe del perito económico con sus cualificaciones.

La peticionaria en su escrito en la página 5, reconoce que la recurrida le informó mediante moción titulada *"Moción Informativa",* del 8 de marzo de 1995, que le había notificado los referidos documentos desde el 9 de noviembre de 1994, no obstante alega no haberlos recibido. Por otra parte la recurrida en su escrito en oposición al recurso ante nuestra consideración, presentó copia de los alegados estados financieros que le habían sido requeridos en el interrogatorio.

Es responsabilidad de las partes mantener un contínuo y efectivo procedimiento de descubrimiento de prueba entre sí, evitando las molestias y gastos innecesarios que entorpecen la rápida tramitación de los asuntos. *Medina v. Merck Sharp & Dohme,* **94 J.T.S. 52.** Es el deber de las representaciones legales de las partes de surgir alguna controversia sobre el descubrimiento de prueba, el de comunicarse entre sí, para que se entreguen los documentos ordenados por el tribunal y de haberse extraviado en el trámite, el de solicitar que se provean copias adicionales. Regla 23.1(d) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap III R. 23.1(d). *Román Montalvo v. Delgado Herrera,* 89 D.P.R. 428(1963).

En nuestra jurisdicción el descubrimiento de prueba es *"amplio y liberal"* pero los tribunales tienen la responsabilidad de velar por que se cumpla con el mismo de manera ordenada y eficaz. *Vellón Maldonado v. Squibb Mfg.,* 117 D.P.R. 838(1986).

En el presente caso el tribunal de instancia emitió correctamente, una serie de órdenes a los fines de garantizar la rápida tramitación de los asuntos. Le correspondía a las partes y en particular a la peticionaria, el ser diligente en cumplir las referidas órdenes, de manera que se aceleraran los trámites en el descubrimiento de prueba. En ausencia de circunstancias extraordinarias, no tenemos razón alguna, para intervenir con la determinación del tribunal de instancia al dirigir el procedimiento de descubrimiento de prueba mediante la orden recurrida.█

Por los anteriores fundamentos se deniega expedir el auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 50**

**1.** La peticionaria tiene como alternativa, el mover la discreción del tribunal de instancia, para que el

descubrimiento de prueba se realice conforme a las órdenes emitidas y se aclaren las controversias surgidas en torno a la entrega de documentos. Regla 23.2 de las Reglas de Procedimiento Civil.